## John MacLean, Plff. in Err., v. George Burnham et al., Trading as Burnham, Parry, Williams, & Co.

In an action to recover for injuries inflicted by the use of machinery in a foundry, held, that plaintiff was not a trespasser in going into the foundry on lawful business and in pursuance of the direction of a clerk employed in defendant's office.

The evidence showing that, at the time the plaintiff entered the foundry, the workmen therein were engaged in removing, by means of a large crane, an iron plate which was the center of several plates standing against the wall, causing the fall of the outer ones, whereby plaintiff was struck and injured,—held, that, as it does not appear that the machinery was defectively constructed or carelessly operated, the evidence fails to show negligence by defendant.

(Decided January 17, 1887.)

January Term, 1886, No. 236, F. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas No. 1 of Philadelphia County to review a judgment of compulsory nonsuit in an action in case for injuries alleged to have been caused by negligence of defendants. Affirmed.

The facts as they appeared on the trial in the court below before YERKES, J., were as follows:

March 24, 1881, John MacLean, the plaintiff, without previous invitation, visited the Baldwin Locomotive Works, operated by defendants, for the purpose of selling sand to them for use in their foundry business. He called at the office connected with the building in which was the foundry, but which was not the principal office of the business, to see the foreman of the foundry, stating at the time that he wanted to sell some sand.

A clerk in the office said that the foreman was in the foundry and told MacLean to go there and find him. Accordingly plaintiff went through the office and into an adjoining workshop which led to the foundry, at the end of which there was an open doorway. Not seeing the foreman from the doorway he entered the foundry. At the time he entered the workmen were engaged in removing, by means of a large crane in the center of the building, an iron plate which was the center one of several plates

standing against the wall near the doorway. There were five or six of these plates, and instead of removing the outside ones to get at the center plate the clamps were placed on the center one and it was dragged out, causing the fall of the outer ones. Plaintiff was struck by these plates and severely injured and brought this action to recover damages therefor. There was no evidence that the clerk seen by MacLean was in charge of the office, or that he had anything to do with the purchase of sand, or had any authority to permit MacLean to go to the foundry. There was no evidence that the method of moving the plates in use at the time of the accident was not the ordinary method of moving them, or that it would necessarily cause the fall of the other plates, or that such fall, if not an intentional and proper displacement of the plates for future use, was anything more than one of the ordinary accidents which may be expected in a foundry.

Defendants moved the court to order a nonsuit. After argument by plaintiff's counsel the court allowed the motion, saying there was no direct evidence of permission to enter defendant's premises. Upon the court's attention being called to evidence on this point by plaintiff's counsel, the reply was: "It was not the principal office of the defendant." Thereupon, plaintiff took an exception to the ruling of the court.

The court in banc subsequently discharged a rule to take off said nonsuit and the plaintiff took this writ, specifying as error the action of the court in refusing the plaintiff the right of going to the jury and in entering a judgment of nonsuit, and the action of the court in banc in not taking off said judgment of nonsuit.

*Franklin Swayne,* for plaintiff in error.—The question of negligence should have been left to the jury. See Indermaur v. Dames, L. R. 1 C. P. 274; White v. France, 5 Cent. L. J. 281; Corby v. Hill, 4 C. B. N. S. 556; Bolch v. Smith, 7 Hurlst. & N. 736; Sullivan v. Waters, 14 Ir. C. L. Rep. 460; Shearm. & Redf. Neg. § 498, p. 591, § 499 *a,* p. 593; Scott v. London Dock Co. 3 Hurlst. & C. 596; Carleton v. Franconia Iron & Steel Co. 99 Mass. 216; Freer v. Cameron, 4 Rich. L. 228, 55 Am. Dec. 663; McKee v. Bidwell, 74 Pa. 218; Pennsylvania R. Co. v. Ogier, 35 Pa. 60, 78 Am. Dec. 322; Catawissa R. Co. v. Armstrong, 52 Pa. 282; Pittsburg & C. R. Co. v. McClurg,

56 Pa. 294; Pennsylvania R. Co. v. Barnett, 59 Pa. 259, 98 Am. Dec. 346; Johnson v. Bruner, 61 Pa. 58, 100 Am. Dec. 613.

*Frank P. Prichard* and *John G. Johnson,* for defendants in error.—Cited Wilkinson v. Fairrie, 1 Hurlst. & C. 633; Gramlich v. Wurst, 86 Pa. 78, 27 Am. Rep. 684; Gillis v. Pennsylvania R. Co. 59 Pa. 129, 98 Am. Dec. 317; Ivay v. Hedges, L. R. 9 Q. B. Div. 80; Larmore v. Crown Point Iron Co. 101 N. Y. 391, 2 Cent. Rep. 409, 54 Am. Rep. 718, 4 N. E. 752.

Per Curiam:

We do not think the plaintiff was a trespasser in going into the foundry. He went on a lawful business and in pursuance of the direction of a clerk employed in the office of the defendants.

The difficulty, however, in the way of a recovery by the plaintiff is that the evidence fails to show negligence on the part of the defendants. It does not appear that the machinery was defectively constructed or carelessly operated.

The judgment of nonsuit was properly entered.

Judgment affirmed.